# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEHU HAND,<br><br>    Petitioner,<br><br>v.<br><br>WILLIAM BARR,<br><br>    Respondent. | Case No. 1:20-cv-00348-AWI-SAB-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING PETITIONER'S MOTION TO CONSOLIDATE, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(ECF Nos. 5, 19, 21) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 4, 2021, the Magistrate Judge issued Findings and Recommendation recommending that Respondent's motion to be dismiss be granted and the petition be dismissed without prejudice as Petitioner lacks standing and his claims are not ripe for adjudication. (ECF No. 19). The Findings and Recommendation was served on Petitioner and contained notice that any objections were to be filed within thirty (30) days of the date of service of the Findings and Recommendation. On February 18, 2021, Petitioner filed objections to the Findings and Recommendation and moved to consolidate the instant case with another action proceeding in the Sacramento Division. (ECF No. 21). On March 30, 2021, Respondent filed a response to the objections and motion to consolidate. (ECF No. 23).

1

**A. Motion to Consolidate**

Petitioner moves to consolidate the instant matter with Hand v. Warden, No. 2:20-cv-02320-JAM-JDP, which is proceeding in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 21 at 1).[1] The assigned Magistrate Judge issued Findings and Recommendation in the Sacramento case, recommending that the petition be dismissed because Petitioner lacks standing and the claim is not ripe. Findings and Recommendation, Hand v. Warden, No. 2:20-cv-02320-JAM-JDP (E.D. Cal. Feb. 23, 2021), ECF No. 19.

Rule 42 of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court *may* . . . consolidate the actions; or . . . issue any other order to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(2)–(3) (emphasis added); see Pierce v. Cty. of Orange, 526 F.3d 1190, 1203 (9th Cir. 2008) (a district court's "decision on consolidation [is reviewed] under an abuse of discretion standard"). In light of the procedural postures of Petitioner's two cases, the Court finds that consolidation at this late stage does not serve any purpose. Accordingly, Petitioner's motion to consolidate is denied.

**B. Findings and Recommendation**

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Findings and Recommendation is supported by the record and proper analysis.

In his objections, Petitioner states that he received two consecutive assessments of minimum recidivism risk under the PATTERN risk assessment system, (ECF No. 21 at 2, 8), in rebuttal to the Findings and Recommendation, which distinguished Goodman v. Ortiz, No. CV 20-7582 (RMB), 2020 WL 5015613 (D.N.J. Aug. 25, 2020), because "[t]here is nothing before this Court demonstrating that Petitioner has had two consecutive assessments with no increase in risk of recidivism, that Petitioner has been assigned to appropriate evidence-based recidivism reduction programs, or that the programs and activities in which Petitioner alleges he has

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

participated will entitle him to credits," (ECF No. 19 at 8–9). Due to an alleged information flow delay, the Federal Bureau of Prisons ("BOP") has not provided additional information regarding Petitioner's two minimum recidivism risk assessments and purported participation in productive activities. (ECF No. 23 at 2). Regardless, Respondent contends that "BOP has not applied time credit against Hand's sentence because as a matter of law Petitioner Hand has not earned time credits" and that "Hand's conjecture of losing supposed time credits towards pre-release custody or placement onto supervised release is based on assumptions about rules and procedures that are not in force (pending publication/comment)" and "a prescribed schedule [that] has not even lapsed." (Id.).

The Federal Bureau of Prisons has proposed regulations that "[a]n eligible inmate must successfully complete each Evidence-Based Recidivism Reduction program or Productive Activity before the inmate may earn FSA [First Step Act] Time Credits." Bureau of Prisons, FSA Time Credits, 85 Fed. Reg. 75268, 75272 (proposed Nov. 30, 2020) (to be codified at 28 C.F.R. pts. 523 & 541). The proposed regulations indicate that the requirements for successful completion will be "defined by the Bureau of Prions (Bureau) for each Evidence-Based Recidivism Reduction program or Productive Activity . . . based on the specific elements of each Evidence-Based Recidivism Reduction program or Productive Activity . . . and may vary based on the curricula, duration, or the specific needs or requirements of either the Evidence-Based Recidivism Reduction program or Productive Activity or the inmate participating." 85 Fed. Reg. at 75271. Further, BOP has proposed that "[f]or purposes of earning FSA Time Credits, a 'day' is defined as one eight-hour period of participation in an Evidence-Based Recidivism Reduction program or Productive Activity that an eligible inmate successfully complete." Id. at 75272.

Although Respondent does not provide additional information regarding Petitioner's two consecutive assessments of minimum recidivism risk or Petitioner's alleged participation in productive activities for 19.5 months, Respondent does not dispute that Petitioner was determined to be eligible to earn FSA time credits. (ECF No. 23 at 2). However, given that the

///

///

regulations governing FSA time credits have yet to be codified, the Court agrees with the Findings and Recommendation that Petitioner's claims regarding FSA time credits are not ripe.[2]

In his objections, Petitioner also argues that the Administrative Procedures Act ("APA") gives Petitioner standing to compel the issuance of guidelines pursuant to 18 U.S.C. § 3624(g).[3] (ECF No. 21 at 2–4). "The APA provides a cause of action for persons 'suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute,' but withdraws that cause of action to the extent that the relevant statute 'preclude[s] judicial review' or the 'agency action is committed to agency discretion by law.'" Reeb v. Thomas, 636 F.3d 1224, 1226 (9th Cir. 2011) (quoting 5 U.S.C. §§ 702, 701(a)). As noted in the Findings and Recommendation, however, Petitioner has not demonstrated that he has suffered an injury in fact that is concrete and particularized due to the lack of said guidelines. Moreover, "internal agency guidelines . . . are not 'subject to the rigors of the Administrative Procedure Act . . . .'" Reeb, 636 F.3d at 1227 (internal quotation mark omitted) (quoting Jacks v. Crabtree, 114 F.3d 983, 985 n.1 (9th Cir. 1997)).[4] Accordingly, the Court finds that Petitioner is not entitled to relief under the APA. assumption

## III.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued on February 4, 2021 (ECF No. 19) is ADOPTED;

2. Respondent's motion to dismiss (ECF No. 5) is GRANTED;

---

[2] To the extent that Respondent contends any claim with respect to FSA time credits and/or evidence-based recidivism reduction programs or productive activities cannot be ripe until January 2022, when the two-year "phase-in" period set forth in 18 U.S.C. § 3621(h)(2) expires, the Court declines to adopt such an interpretation.

[3] The pertinent provision provides that the "Attorney General, in consultation with the Assistant Director for the Office of Probation and Pretrial Services, shall issue guidelines for use by the Bureau of Prisons in determining the appropriate type of prerelease custody or supervised release and level of supervision for a prisoner placed on prerelease custody pursuant to this subsection." 18 U.S.C. § 3624(g)(6)(A).

[4] Compare 18 U.S.C. § 3624(c)(6) ("The Director of the Bureau of Prisons shall issue *regulations* pursuant to this subsection not later than 90 days after the date of the enactment of the Second Chance Reauthorization Act of 2018 . . ." (emphasis added)) with § 3624(g)(6) ("The Attorney General, in consultation with the Assistant Director for the Office of Probation and Pretrial Services, shall issue *guidelines* for use by the Bureau of Prisons . . ." (emphasis added)). See Reno v. Koray, 515 U.S. 50, 61 (1995) (contrasting BOP program statements/internal agency guidelines with published regulations that are subject to the rigors of the APA).

3. Petitioner's motion to consolidate (ECF No. 21) is DENIED;

4. The petition for writ of habeas corpus is DISMISSED without prejudice; and

5. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated:  May 10, 2021                    _____
                                        SENIOR DISTRICT JUDGE